UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Warren Easterling,**

    *Plaintiff,*

v.                                                                                                  **Case No. 3:15-cv-058**
                                                                                                **Judge Thomas M. Rose**

**James L. Manning, Judge,**

    *Defendant.*

---

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT.** DOC. 11**.**

---

       Pending before the Court is Plaintiff's Motion for Relief from Judgment. Doc. 11. Therein, Plaintiff seeks relief under Federal Rule of Civil Procedure 60(b), asserting, "Dismissal for lack of jurisdiction based upon the *Rooker-Feldman* abstention doctrine is contrary to law and an act of fraud." Doc. 11 at 2. Additionally, Plaintiff asserts "the Court had no authority to grant a Rule 12(b)(6) dismissal where doing so is fraud on the Court." Doc. 11 at 4. Plaintiff's final argument is that "fraud on the court vitiates the entire transaction." Doc. 11 at 6. The time for a response by Defendant has run, rendering the motion ripe for judgment.

       Rule 60(b) provides that a party may obtain relief from a final judgment, order, or proceeding for the following reasons:

       (1) mistake, inadvertence, surprise, or excusable neglect;

       (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Broadly construing plaintiff's motion, it appears that plaintiff seeks relief pursuant to Rule 60(b)(3).  The decision to grant relief under Rule 60(b)(3) rests in the discretion of the district court. *Good v. Ohio Edison Co*., 149 F.3d 413, 423 (6th Cir. 1998).  Under Rule 60(b)(3), "the Sixth Circuit requires a demonstration by the moving party, supported by clear and convincing evidence, that one or more of the three kinds of misbehavior referred to in the rule occurred." *Jordan v. Paccar, Inc.*, 1996 WL 528950, at *9 (6th Cir. 1996).

For the purpose of a Rule 60(b)(3) motion, the Sixth Circuit has held:

> "Misrepresentation" can be interpreted as an affirmative misstatement. "Fraud" can be interpreted as reaching deliberate omissions when a response is required by law or when the nonmoving party has volunteered information that would be misleading without the omitted material. And "other misconduct" can be interpreted to reach questionable behavior affecting the fairness of litigation other than statements or the failure to make statements."

*Jordan*, 1996 WL 528950, at *6 (citations omitted). See also *Info–Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 456 (6th Cir. 2009) (setting forth the definition of fraud for purposes of Rule 60(b)(3) as "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment") (citations

omitted).   If a movant succeeds in this, the non-moving party then has the burden to "demonstrate by clear and convincing evidence that the misbehavior which occurred had no prejudicial effect on the outcome of the litigation." *Id.*

Upon review of Plaintiff's Motion for Relief from Judgment, the Court does not find that any colorable allegation of misrepresentation, fraud, or other misconduct that could merit Rule 60(b)(3) relief.   Having no "clear and convincing" evidence of fraud, misrepresentation, or other misconduct in this case, Plaintiff's Motion for Relief from Judgment, doc. 11, is **DENIED**.

The instant case remains **TERMINATED** from the dockets of the Southern District of Ohio, Western District at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, on Monday, May 11, 2015.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE